**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Jordan Kohler

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORDAN KOHLER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**GARDEN COMMUNITIES,**<br><br>Defendant. | **Case No.:** '19CV1870 BEN BLM<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

**INTRODUCTION**

1. JORDAN KOHLER ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of GARDEN COMMUNITIES ("Defendant") with regard to Defendant's unfair, unlawful, and fraudulent business practices pursuant California's Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* ("UCL").

2. Consequently, Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the above-mentioned practices of Defendant as they are also in violation of the UCL.

3. Defendant's conduct is a scheme carried out by Defendant which involves making significant amounts of money from California consumers through false, deceptive, and misleading means throughout the period covered by the applicable statute of limitations.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

8. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff, a resident of the State of California, seeks relief on behalf of a national class, which will result in at least one class member belonging to a different state than that of Defendant, a company leasing apartments throughout California and Arizona. Plaintiff also alleges that the amount in controversy exceeds the sum of $5,000,000 when aggregating the damages of the proposed class.

9. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California.

12. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation conducting business in the State of California and incorporated in North Carolina.

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times relevant, Defendant has engaged, and continues to engage, in illegal business practices of withholding security deposits without legal justification.

15. On April 2, 2015, Plaintiff rented an apartment from Defendant in Torrey Gardens located at 10615 Calle Mar De Mariposa, San Diego, CA 92130.

| Case No # | 2 of 9 | *Kohler v. Garden Communities* |

COMPLAINT

16. Plaintiff paid a $700 security deposit prior to taking possession of the apartment.
17. In April 2017, Plaintiff began the move out process by permitting Defendant to preform a pre-move out inspection.
18. Said inspection concluded that Plaintiff would be charged $0 in move out charges.
19. Defendant's move-out inspection failed to include notice as required by Cal. Civ. Code § 1950.5(f)(1).
20. Plaintiff vacated Plaintiff's apartment on April 30, 2017 following written notice to Defendant.
21. Plaintiff's apartment was inspected yet again on April 30, 2017 with no issues of any kind noted.
22. To date, Plaintiff has not received any portion of Plaintiff's security deposit from Defendant.
23. To the contrary, Defendant now claims that Plaintiff is responsible for move out charges of $1,267.88 to replace the carpet in Plaintiff's carpet.
24. Notably, the carpet was inspected during the pre-move out inspection and no cleaning or replacement was deemed necessary at that time.
25. Between the inspection and moving out, Plaintiff caused no further damage to the carpet.
26. Defendant failed to provide Plaintiff an itemization of alleged repairs as required by Cal. Civ. Code § 1950.5(g).
27. On July 25, 2017, Plaintiff demanded an itemization pursuant to Cal. Civ. Code § 1950.5(g)(4).
28. To date, Defendant has not provided the requested itemization.
29. Through this conduct, Defendant violated Cal. Civ. Code § 1950.5.

30. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein. The precise amount of damages will be proven at trial, in large part, by expert testimony.

31. Plaintiff and Class Members were undoubtedly injured as a result of Defendant's practices since Plaintiff and the Class Members paid funds to Defendant not legally owed.

## CLASS ALLEGATIONS

32. Plaintiff re-alleges and incorporates by reference all above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to the Federal Rules of Civil Procedure, Rule 23(a), 23(b)(1), 23(b)(2), and 23(b)(3).

34. Plaintiff represents, and is a member of, the class consisting of:
    > All persons within the State of California who paid funds to Defendant following move out without receipt of an itemized statement within the four years prior to the filing of this Complaint.

35. Defendant and its employees or agents are excluded from the Class.

36. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

a. ***Numerosity***: The potential members of the Class as defined are so numerous and so diversely located throughout the United States, that joinder of all the members of the Class impracticable. The class members are dispersed throughout country. Joinder of all members of the proposed class is therefore not practicable.

b. ***Commonality***: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

   i. Whether Defendant's move out process complied with Cal. Civ. Code § 1950.5;

   ii. Whether Plaintiff and the Class are entitled to damages as a result of Defendant's conduct;

   iii. Whether Plaintiff and the Class are entitled to reasonable attorneys' fees; and,

   iv. Whether such practices violate California Business and Profession Code § 17200.

c. ***Typicality***: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were forced to pay move out fees to Defendant that were not in compliance with Cal. Civ. Code § 1950.5.

d. ***Adequacy of Representation:*** Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. **Superiority of Class Action:** A Class Action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Plaintiff and class members have suffered or may suffer loss in the future by reason of Defendant's unlawful policies and/or practices of not complying with the statutes described herein. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full restitution to class members, and will thereby effectuate California's strong public policy of protecting the California public from violations of its laws. If this action is not certified as a Class Action, it will be impossible as a practical matter for many or most class members to bring individual actions to recover monies due from Defendant, due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

38. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard and via publication. Said notice may be supplemented by a settlement website and/or a toll-free telephone number for consumers to call for more information.

# FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

#### [AGAINST ALL DEFENDANTS]

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

41. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

42. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

#### "UNLAWFUL" PRONG

43. As a result of Defendant's acts and practices described herein, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

44. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as providing itemized receipts and move out notices in compliance with applicable law.

45. Defendant also had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as providing the appropriate notices.

46. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### "UNFAIR" PRONG

47. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to refuse to return security deposits without compliance with Cal. Civ. Code § 1950.5.

48. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

49. Plaintiff could not have reasonably avoided the injury suffered herein. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to require induce the business of unsuspecting consumers with misleading liquidation sale signs, arbitrarily applying discounts, and overcharging for some of its products.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the following damages against Defendant and relief as follows:

- That this Action be certified as a class pursuant to Rule 23;

- That it be found that Defendant is in possession of money that belongs to Plaintiff and that Defendant has not returned the money;
- An order requiring Defendant to pay restitution to Plaintiff due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of Plaintiff's overpayment for payment towards unauthorized move out fees;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and to restore to Plaintiff all funds acquired by means of any act or practice declared to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and,
- Any and all other relief as deemed necessary or appropriate.

Dated: September 27, 2019                                         Respectfully submitted,

                                                                  **KAZEROUNI LAW GROUP, APC**

                                                                  By:   /s/ Matthew M. Loker
                                                                         MATTHEW M. LOKER, ESQ.
                                                                         ATTORNEY FOR PLAINTIFF

| Case No # | 9 of 9 | *Kohler v. Garden Communities* |
|---|---|---|
| | **COMPLAINT** | |